UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LISA ENGLAND, } | |
| } | |
| Plaintiff, } | |
| VS. } | CIVIL ACTION NO. G-07-113 |
| } | |
| MICHAEL J. ASTRUE, } | |
| } | |
| Defendant. } | |

## MEMORANDUM AND ORDER

Before the Court is the Report and Recommendation of the United States Magistrate Judge recommending that the Court grant plaintiff's motion for summary judgment (Docket Entry No. 8), deny defendant's motion for summary judgment (Docket Entry No. 9), and remand the decision of the Commissioner of the Social Security Administration for further proceedings. The Magistrate Judge's Report and Recommendation was filed on February 1, 2008, and it gave the parties until February 15, 2008, to file objections. No objections have been filed to date.

The Court is of the opinion that the factual findings and legal conclusions of the Magistrate Judge are correct and should be and hereby are accepted by the Court in their entirety, as supplemented herein. The Court finds that the decision of the Commissioner should be and hereby is remanded for further proceedings.

In particular, the Court agrees that the Administrative Law Judge ("ALJ") must explain his reasons for giving less weight to the opinions of Dr. Loyola and Dr. Tischendorf-Folden, pursuant to the standards set forth in 20 C.F.R. § 404.1527(d) for evaluating medical

opinions.[1]  *See Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001); *Loza v. Apfel*, 219 F.3d 378, 395 (2000).  The ALJ indicated that he gave those doctors' opinions less weight because he thought their opinions had been obtained solely for use in the disability benefits proceeding and because Dr. Tischendorf-Folden had become an advocate for the plaintiff.  Although the ALJ is free to find that a doctor is not credible because the doctor is trying to support an application for disability benefits, that conclusion must have "support in the record."  *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

Further, with regard to the ALJ's evaluation of plaintiff's condition, the ALJ must consider whether, taken as a whole, her impairments are severe enough to constitute a disability.  42 U.S.C. § 423(d)(2)(B); *see also Thompson v. Astrue*, 232 Fed. Appx. 421, 424 (5th Cir. 2007).  The ALJ may not limit his consideration of her impairments to her allegations of pain.  The ALJ must consider plaintiff's obesity in conjunction with her allegations of hypertension pursuant to 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 4.00I(1).

Although the ALJ may reach the same decision on plaintiff's lack of disability on remand, the ALJ must nonetheless follow the standards and procedures set out in the Social Security regulations for analyzing these issues, and that analysis must be set out in the ALJ's written decision.

It is therefore ORDERED and ADJUDGED that the Report and Recommendation of the United States Magistrate Judge is ADOPTED.  It is also ordered that the plaintiff's Motion for Summary Judgment (Docket Entry No. 8) is GRANTED, defendant's Motion for Summary

---

[1] The Court notes, though, that the ALJ is not required to go through this analysis with respect to his rejection of Dr. Tischendorf-Folden's opinion that plaintiff is unable to work.  "A statement by a medical source that you are 'disabled' or 'unable to work'" is not conclusive.  20 C.F.R. § 404.1527(e)(1).  Doctors' opinions on these matters are not entitled to "any special significance."  20 C.F.R. § 404.1527(e)(3); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

Judgment (Docket Entry No. 9) is DENIED, and the matter is REMANDED to the Commissioner for further proceedings.

      SIGNED at Houston, Texas, this 12th day of March, 2008.

                                            MELINDA HARMON
                                 UNITED STATES DISTRICT JUDGE